Filed 10/14/14  Seuell v. Hansen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| MICHELLE SEUELL, | C073878 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV30311) |
| v. | |
| DANIEL HANSEN, | |
| Defendant and Appellant. | |

Plaintiff Michelle Seuell met defendant Daniel Hansen in 2011 on a dating Web site.  A variety of money issues arose between them, culminating in a court trial.  The trial court found for Seuell in the amount of $17,965 plus costs and ordered that a race car in her possession be returned to Hansen.  The court denied Hansen any monetary recovery.  Hansen, proceeding in propria persona, appeals, challenging the judgment. We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

At the outset we note that the record before us does not contain a reporter's transcript of the court trial. Necessarily we rely on the clerk's transcript of the proceedings.[1]

Hansen filed an action against Seuell in small claims court to recover a "2002 Ellis Modified racecar #88" valued at $12,000 and a Craftsman toolbox and tools valued at $1,000. Subsequently, Seuell filed a complaint against Hansen for breach of contract, money had and received, and money lent. Hansen's small claims action was consolidated with Seuell's complaint.

In her complaint, Seuell alleges the following: Hansen requested that she lend him money, and over two months Seuell lent Hansen over $25,000. Hansen orally agreed to repay the money. Hansen also offered to purchase various vehicles and other items that could be sold later by Seuell for a profit. At Hansen's request, Seuell agreed to rent a storage facility in which to store and repair the vehicles. Although Hansen agreed to pay the deposit and monthly rental fee, he failed to reimburse Seuell.

Seuell attached two written documents to her complaint. In the first, Hansen stated he owed her $18,765, which would be paid within 90 days. In the second, Hansen stated he owed her an additional $9,800, which would also be paid within 90 days. Both documents are dated May 9, 2011, and are signed by Hansen. According to Seuell's complaint, these documents constitute a contract between the parties that Hansen breached by failing to reimburse her the sums listed. Hansen repaid her $2,000. Seuell claimed $29,365 in damages.

In its decision, the trial court found Seuell proved her claims by a preponderance of the evidence, and found her testimony at trial credible. The court also considered the

---

[1] In addition, we granted Seuell's motion, filed February 7, 2014, to augment the record to include her complaint.

2

exhibits attached to the complaint and found Hansen agreed to pay Seuell the amounts listed within 90 days, but failed to do so.

At trial, although Hansen acknowledged he owed Seuell money and testified the two exhibits were indeed in his own handwriting, he denied receiving any money from Seuell. The court found Hansen's denial "incredibl[e]" and noted Hansen had repaid $2,000 to Seuell, evidence of the existence of a valid loan agreement. The court did not find Hansen's testimony credible "in any material respect."

The evidence established Hansen was entitled to receive credits or offsets against Seuell's claimed damages, and the court listed each credit. The offsets totaled $10,600, leaving a total balance due of $17,965.

Hansen argued he signed the two exhibits under duress, but the trial court found this defense wanting: "In this case, Eddy Gomez, called as a witness by Mr. Hansen, testified that on one occasion Ms. Seuell pulled a garage-door type of door at a storage facility down on Mr. Hansen. It was not established that this affected the financial transaction between the parties or, specifically, that Mr. Hansen would not have consented to the transaction but for this incident. Mr. Hansen testified that Ms. Seuell threatened that if he did not agree in writing that he owed her money, she would do 'whatever it took' to recover it. The court does not find that duress was proved with respect to this incident either. This is so because Mr. Hansen's testimony is not credible. Further, he does not appear to be someone who would sign a document because of such a comment, even assuming Ms. Seuell's comments amount to a threat. The defense of duress was not proved." Based on the evidence, the court found Seuell established the elements of her cause of action for breach of contract as well as her common counts.

As for Hansen's small claims complaint, the court noted Hansen alleged Seuell owed him $13,000: $12,000 for a "2002 Ellis modified racecar" and $1,000 for a "Craftsman tool box with tools." At trial, Hansen claimed he purchased the race car for $4,500 and expended additional money to make it "race ready." Seuell testified she

3

placed the race car on craigslist.com, a free advertising site on the Internet, only to try to determine its value, and apparently it remained in her custody. According to Seuell, the race car was a " 'mess' " and she did not want to pay to store it.

A third-party witness offered testimony as to the race car's value, but the court found his opinion lacked foundational support and disregarded the testimony. The court also found Hansen failed to present sufficient evidence of the value of the toolbox and tools. Hansen provided no specific evidence as to the types or amounts of tools and parts. Therefore, Hansen failed to prove the value of the items listed in his complaint by a preponderance of the evidence.

Ultimately, the court awarded Seuell $17,965 plus statutory costs. Hansen was not entitled to any monetary recovery, but Seuell was directed to return the race car to Hansen within 10 days of the judgment.

Hansen filed a motion for a new trial, which the trial court denied. Following entry of judgment, Hansen filed a timely notice of appeal.

## DISCUSSION

In his opening brief, Hansen presents a stream of consciousness recital of the facts and a cornucopia of legal arguments. Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.) Assignments of error must be set forth with specificity under separate headings. (See Cal. Rules of Court, rule 8.204(a)(1)(B).) Hansen's brief sets forth 18 separate numbered points he contends are the bases for reversing the trial court. Scattered throughout these arguments are three main claims: the trial judge was biased against him, he did not receive a fair trial, and the trial court violated his right to due process.

4

We begin by noting that, on appeal, a judgment of the trial court is presumed correct. We presume the trial court followed the applicable law; the burden is on the appellant to demonstrate otherwise. (*In re D.W.* (2011) 193 Cal.App.4th 413, 417-418.)

Hansen has elected to proceed on the clerk's transcript. (Cal. Rules of Court, rule 8.121.) This is referred to as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) It is the burden of the party challenging a judgment to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is "on the judgment roll," we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154 (*Ehrler*).) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; see Cal. Rules of Court, rule 8.163.) The rules of appellate procedure apply to Hansen even though he is representing himself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.)

Hansen's allegations of judicial bias stem from his claim that the trial court ignored evidence he offered and based its decision on "profile." He also objects to evidentiary rulings made against him. Our review of the trial court's decision reflects no such bias. Instead, the trial court carefully outlined the evidence before it and provided a complete explanation for its rulings.

In addition, Hansen makes the blanket assertion that he was denied a fair trial and his due process rights were violated. However, Hansen provides no evidence of such treatment. He complains that he offered 35 exhibits, but none was used. Again, based on the record before us, we cannot evaluate any such claims. We must presume the evidence that was presented at trial is sufficient to support the court's findings. (*Ehrler*, *supra*, 126 Cal.App.3d at p. 154.) Our review of the record before us reveals no error, and accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.  Seuell shall recover costs on appeal.

                                                            _____RAYE_____, P. J.

We concur:

_____BUTZ_____, J.

_____MAURO_____, J.

6