Filed 9/8/20  In re B.P. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| In re B.P. et al., Persons Coming Under the Juvenile Court Law. | C090983 |
|---|---|
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>B.M.,<br><br>　　　　　Defendant and Appellant. | (Super. Ct. No. STKJVDP20180000297) |

Mother B.M. appeals from the juvenile court's orders terminating parental rights and freeing both minors for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  She contends the San Joaquin County Human Services Agency (Agency) and juvenile court failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA) because the Agency did not provide adequate notice of the proceedings to the Caddo Nation of Oklahoma, a tribe in which the paternal grandfather is an enrolled

_____

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

member.  (25 U.S.C. § 1901 et seq.)  We conditionally reverse and remand the matter for further ICWA compliance.

BACKGROUND

Our recitation of the background is limited to facts relevant to mother's ICWA contention.  The Agency filed section 300 petitions on behalf of the minors on August 13, 2018.  At the August 14, 2018 detention hearing, mother reported Native American ancestry through the Cherokee and Blackfoot tribes.  The paternal grandfather had contacted the Agency prior to the detention hearing and informed the Agency that he is a registered member of the Caddo Indian Tribe located in Oklahoma, that the paternal great-grandmother registered him as a child, and that he periodically received a check from the tribe.  At the August 28, 2018 continued detention hearing, the paternal grandfather filed an ICWA-020 form stating that the father had Native American heritage through the Caddo Nation of Oklahoma (Caddo Nation) and that he, the grandfather, was a member of that tribe.

On September 11, 2018, the Agency sent a Notice of Child Custody Proceeding, ICWA-030, to three Cherokee tribes and to the Blackfeet Tribe and the Caddo Nation. The notice was for an ICWA hearing on November 27, 2018, that did not take place. The notice included the grandfather's enrollment number but stated "no information available" concerning the father's enrollment status.  At the time the notice was sent, the designated agent for service of the notice for the Caddo Nation was Pamela Satepauhoodle, ICWA Caseworker, P.O. Box 729, Anadarko, OK 73005.  (83 Fed. Reg. 25685, 25711, pub. June 4, 2018.)  However, the notice mailed to the Caddo Nation was addressed to the chairman of the tribe in Binger, Oklahoma.  Although the name of the person signing the return receipt for the document is not entirely legible, the name appears to be Elizabeth.

The Eastern Band of Cherokee Indians, the United Keetoowah Band of Cherokee Indians, and the Cherokee Nation each responded that neither child was eligible for

membership in that tribe. The Caddo Nation did not respond. The Blackfeet Tribe did not initially respond, but later, in a response dated February 6, 2019, indicated the minors were not eligible for membership.

On November 11, 2018, the paternal grandfather submitted a second ICWA-020 form, stating that the children had heritage in the Caddo Nation, and that their great-grandmother E.M. was a member of the tribe. The document was not filed with the court until April 11, 2019, and there is no explanation in the record for the delay in filing. E.M. is listed on the ICWA notice as a great-grandmother of the children, with an indication she is affiliated with the Caddo Nation, but no enrollment number for her is included.

The jurisdiction and disposition hearings proceeded on November 20, 2018 and January 9, 2019, respectively. The juvenile court sustained the petitions, declared the minors dependents of the court, removed them from parental custody, and bypassed parents for reunification services. An ICWA compliance hearing took place on February 19, 2019, at which the juvenile court found that ICWA did not apply. The section 366.26 hearing took place on October 7, 2019. The juvenile court found the minors likely to be adopted and terminated parental rights.

## DISCUSSION

Mother contends the ICWA notice was defective because it was not addressed to the designated ICWA representative, it was sent to the wrong address, it did not contain all the information available to the Agency, and it was not sent for each hearing held in these proceedings. We agree the notice did not comply with ICWA requirements.

### A

ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (See 25 U.S.C. § 1902; *In re Levi U.* (2000) 78 Cal.App.4th 191, 195-196.)

3

A major purpose of ICWA is to protect "Indian children who are members of or are eligible for membership in an Indian tribe." (25 U.S.C. § 1901(3).) The juvenile court and the agency have an affirmative duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, former rule 5.481(a); former § 224.3, subd. (a).)[2]

Among the procedural safeguards imposed by ICWA is the provision of notice to various parties. "Notice is a key component of the congressional goal to protect and preserve Indian tribes and Indian families. Notice ensures the tribe will be afforded the opportunity to assert its rights under [ICWA] irrespective of the position of the parents, Indian custodian or state agencies. Specifically, the tribe has the right to obtain jurisdiction over the proceedings by transfer to the tribal court or may intervene in the state court proceedings. Without notice, these important rights granted by [ICWA] would become meaningless." (*In re Kahlen W.* (1991) 233 Cal.App.3d 1414, 1421.) "[O]ne of the primary purposes of giving notice to the tribe is to enable the tribe to determine whether the child involved in the proceedings is an Indian child. [Citation.]" (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 470.)

Accordingly, if the court "knows or has reason to know that an Indian child is involved," notice of the pending proceeding and the right to intervene must be sent to the tribe or the Bureau of Indian Affairs (BIA) if the tribal affiliation is not known. (25 U.S.C. § 1912; see § 224.2; rule 5.481(b).) Notice must be sent whenever there is reason to believe the child may be an Indian child. (*In re Desiree F., supra*,

---

[2] The Legislature amended several sections of the Welfare and Institutions Code related to ICWA, effective January 1, 2019. (Assem. Bill No. 3176 (2017-2018 Reg. Sess.).) Hereafter, undesignated statutory references are to the Welfare and Institutions Code sections in effect in 2018 (except in the Disposition, where those references are to the current codes) and undesignated rule references are to the California Rules of Court in effect in 2018.

83 Cal.App.4th at p. 471.)  "Notice shall be sent to all tribes of which the child may be a member or eligible for membership" for every hearing until such time as the child's tribe has been determined or it has been determined the ICWA does not apply.  (§ 224.2, subds. (a)(3), (b).)  Failure to comply with the notice provisions and to determine whether ICWA applies is prejudicial error.  (*In re Kahlen W., supra*, 233 Cal.App.3d. at p. 1424; *In re Desiree F.,* at p. 472.)

B

Pursuant to rule 5.481(b)(4) (currently rule 5.481(c)(4)), the ICWA notice must be sent "to the tribal chairman unless the tribe has designated another agent for service."  (See *In re H.A.* (2002) 103 Cal.App.4th 1206, 1213.)  Here, at the time ICWA notice was provided, the Caddo Nation had designated an agent for service, but the Agency did not send notice to the designated agent.

While such an error may be deemed harmless when the record contains a return receipt signed by the correct designated agent, or when a response is actually received from the tribe, we cannot say the error was harmless in this case.  (See *In re J.T.* (2007) 154 Cal.App.4th 986, 994.)  The person who signed the return receipt for the Caddo Nation's notice does not appear to be the designated agent for service.  The Agency did not mail the notice to the designated address and the Agency received no response.  (*In re Alice M.* (2008) 161 Cal.App.4th 1189, 1201 [ICWA notice is insufficient, despite signed domestic receipts, where the notice was not sent to the designated agent and no response to the notice was received]; *In re J.T.,* at p. 994 [same].)

C

The ICWA notice must "contain enough information to permit the tribe to conduct a meaningful review of its records to determine the child's eligibility for membership."  (*In re Cheyanne F.* (2008) 164 Cal.App.4th 571, 576.)  It is essential for the Agency to provide the Indian tribe with as much information as is known about the child's ancestors, especially the one with the alleged Indian heritage.  (*In re Louis S.* (2004)

5

117 Cal.App.4th 622, 631.) Notice must include all of the following information, if known: the child's name, birthplace, and birth date; the name of the tribe in which the child is enrolled or may be eligible for membership; names and addresses (including former addresses) of the child's parents, grandparents, and great-grandparents, and other identifying information; and a copy of the dependency petition. (25 C.F.R. § 23.11(d)(1)(4) (2015); § 224.2, subd. (a)(5)(A)(D); *In re D.W.* (2011) 193 Cal.App.4th 413, 417; *In re Mary G.* (2007) 151 Cal.App.4th 184, 209.) The Agency has an ongoing duty to interview the minor's parents and extended family, if known, concerning the child's membership status or eligibility. (§ 224.3, subds. (a) & (c); rule 5.481(a)(4).)

A substantial amount of ancestor information was included in the ICWA notice. However, after the notice was sent, the paternal grandfather submitted a second ICWA-020 form, stating that the children had heritage with the Caddo Nation and that their great-grandmother E.M. was a member of the tribe. E.M. is listed on the ICWA Notice as a great-grandmother of the children, but no enrollment number for her was included. The record is silent as to whether the Agency followed-up with this information and attempted, through father's relatives, to obtain an enrollment number. The Agency must make an effort to obtain identifying ancestry information from father's relatives or document its attempts for the court to consider in making its ICWA findings. If an enrollment number was available for the great-grandmother, or any other family member, an amended notice to the BIA and Caddo Nation was required.

D

"Notice shall be sent to all tribes of which the child may be a member or eligible for membership" for every hearing until such time as the child's tribe has been determined or it has been determined the ICWA does not apply. (§ 224.2, subds. (a)(3), (b).) No hearing shall be held until at least 10 days after receipts of notice by the requisite persons, including the duly authorized representatives of the tribes and the BIA. (§ 224.2, subd. (d); rule 5.482.) If neither the tribe nor the BIA has provided a

6

determinative response within 60 days after receipt of the notice, the juvenile court may determine ICWA does not apply, provided the court must reverse its determination of inapplicability if a tribe or the BIA subsequently confirms that the child is an Indian child.  (Rule 5.482(d)(1).)

In this case, no notice was sent to the Caddo Nation of the jurisdiction hearings, the disposition hearing, or the ICWA compliance hearing, as required by ICWA.

## DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for compliance with the inquiry and notice provisions of ICWA.  If, after inquiry and formal notice to the Caddo Nation, the minors are found not to be Indian children, the orders terminating parental rights shall be reinstated.  If, however, the minors are found to be Indian children as defined by ICWA and the juvenile court determines ICWA applies to this case, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with ICWA, including considering any petition filed to invalidate prior orders.  (25 U.S.C. § 1914; § 224, subd. (e).)


                                        /S/
                                        MAURO, J.



We concur:



    /S/
RAYE, P. J.



    /S/
RENNER, J.


7