Filed 5/18/21  In re A.K. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| In re A.K. et al., Persons Coming Under the Juvenile Court Law. | C092718 |
| SUTTER COUNTY HEALTH AND HUMAN SERVICES DEPARTMENT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>P.R.,<br><br>Defendant and Appellant. | (Super. Ct. Nos. DPSQ190000009, DPSQ190000010) |

P.R., father of the minors, challenges the juvenile court's order terminating parental rights and freeing the minors for adoption.  (Welf. & Inst. Code, §§ 366.26,

1

395.)[1]  He contends the juvenile court and the Sutter County Health and Human Services Department (Department) failed to comply with the requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).  We will reverse and remand for limited ICWA proceedings.

## BACKGROUND

Because the sole issue on appeal is ICWA compliance, a detailed recitation of the non-ICWA related facts and procedural history is unnecessary to our resolution of this appeal.

On January 29, 2019, the Department filed a dependency petition on behalf of the minors A.K. (13 years old) and C.R. (11 years old) pursuant to section 300, subdivision (b).  The identical petitions alleged failure to protect the minors due to the parents' inability to provide adequate food, clothing, shelter, supervision, and medical treatment for the minors.

The February 2019 jurisdiction report noted the parents filled out and filed parental notifications of Indian status, with father indicating no known Indian ancestry, and mother indicating possible Indian ancestry with the Cherokee Tribe of Oklahoma.

On February 21, 2019, the Department informed the juvenile court that the social worker was working with mother to obtain information regarding her family background.  Mother said there might be Cherokee ancestry out of Oklahoma through the maternal great-great-grandparents.  Mother provided the juvenile court with the maternal grandfather's name and birthdate and the maternal great-grandparents' names, and noted the maternal great-grandmother and the maternal great-great-grandmother were both deceased but the maternal great-grandfather was still living.  She also provided the maternal great-great-grandfather's first name.  The juvenile court asked mother to obtain

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

as much information from her father as possible and to get it in writing for the Department, that it was really important information. Mother stated her belief that she was previously enrolled in the Cherokee Tribe of Oklahoma. The juvenile court reiterated that mother needed to be very diligent about getting ICWA information to the Department and ordered her to comply with any additional meetings requested by the Department. The juvenile court also suggested the social worker contact the tribe in mother's presence to obtain mother's roll number. The juvenile court sustained the allegations in the petitions, found the minors to be dependents of the juvenile court, and found father to be the presumed father.

On March 7, 2019, after a discussion that ICWA issues were still pending, the juvenile court continued the disposition hearing. The parents were not present at the continued hearing on March 26, 2019. The juvenile court was informed that father was in custody and mother's whereabouts were unknown.

On March 14, 2019, the Department sent ICWA notices to the Bureau of Indian Affairs (BIA), the Secretary of the Interior, the Cherokee Nation, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee Indians. The notices included information regarding the names, former addresses, and birthdates and birth places for each parent, and potential tribe affiliations for mother. The notices contained no information regarding the maternal or paternal grandparents or great-grandparents.

The parents were not present at the continued disposition hearing on April 2, 2019. The juvenile court adopted the Department's recommended findings and orders, including that the parents be provided with reunification services.

The disposition report filed April 2, 2019 stated that ICWA did or might apply, noting that ICWA noticing was pending as to mother's claim of possible Indian ancestry with the Cherokee Tribe of Oklahoma. An addendum report filed the same day stated ICWA notices were sent to the three Cherokee tribes on March 14, 2019.

The October 2019 status review report stated the Department received responses from all three of the noticed Cherokee tribes stating the minors were not registered or eligible to register as members of the respective tribes. The Department requested that the juvenile court make a finding that the minors are not Indian children and that ICWA does not apply.

At the status review hearing on October 1, 2019, the juvenile court found the parents made no progress toward alleviating or mitigating the causes necessitating the minors' removal and continued the minors' out-of-home placement. The juvenile court also found the minors were not Indian children within the meaning of ICWA and that ICWA does not apply. Thereafter, the Department's reports reiterated the juvenile court's finding that ICWA does not apply.

On July 9, 2020, the juvenile court found the minors adoptable and terminated parental rights, ordering adoption as the permanent plan.

DISCUSSION

Father contends the Department failed to comply with ICWA requirements by failing to inquire of all known maternal relatives about possible Indian heritage. The Department argues father forfeited his claim because he did not object in the juvenile court, and in any event, any error was harmless. As we explain, the matter must be remanded for further limited ICWA proceedings.

ICWA's purpose is to protect the interests of Indian children and promote the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7-8.) The juvenile court and the Department have an affirmative and continuing duty to inquire whether a child is, or may be, an Indian child. (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a); see *In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) If, after the petition is filed, the juvenile court knows or has reason to know that an Indian child is involved (25 U.S.C. § 1912(a)),

4

notice of the pending proceeding and the right to intervene must be sent to the tribe or the BIA if the tribal affiliation is not known. (See § 224.2, subds. (d) & (f); § 224.3, subds. (a)-(g); Cal. Rules of Court, rule 5.481(b); *In re Robert A.* (2007) 147 Cal.App.4th 982, 989.) "At that point, the social worker is required, as soon as practicable, to interview the child's parents, extended family members, the Indian custodian, if any, and any other person who can reasonably be expected to have information concerning the child's membership status or eligibility." (*In re Michael V.* (2016) 3 Cal.App.5th 225, 233; see Cal. Rules of Court, rule 5.481(a)(4)(A); § 224.2, subd. (b).)

ICWA notices must include all of the following information, if known: the child's name, birthplace, and birth date; the name of the tribe in which the child is enrolled or may be eligible for enrollment; names and addresses of the child's parents, grandparents, great-grandparents, and other identifying information; and a copy of the dependency petition. (§ 224.3, subds. (a)(5)(A)-(D); *In re Mary G.* (2007) 151 Cal.App.4th 184, 209.)

Here, mother claimed possible Indian ancestry with the Cherokee Tribe of Oklahoma and, at the February 21, 2019 hearing, informed the juvenile court that the Indian ancestry flowed through her great-grandparents, namely her great-grandfather and her great-great grandparents on his side. She provided the juvenile court with the maternal grandfather's first and last name and the day of his birth (but not the year), and the names of the maternal great-grandparents who were residents of Oklahoma, and stated the maternal great-grandmother and the maternal great-great-grandmother were deceased but the maternal great-grandfather was still living. She noted her grandfather's father was named Mason and he was Indian too. When the juvenile court asked if she could obtain Mason's last name from the maternal grandfather, mother replied affirmatively. When the juvenile court encouraged mother to look for any other identifying information, including a roll number, mother said she believed she was enrolled with the Cherokee Tribe of Oklahoma and stated, "I used to have my card.

5

[¶] . . . [¶]  I used to.  I probably could go get another one.  I'm not sure.  I'll ask my mom."

The Department sent ICWA notices to the BIA and the three Cherokee tribes on March 14, 2019.  The notices contained information about mother and father, but nothing about the maternal relatives.  The Department received responses from all three tribes stating the minors were not Indian children and, in its October 2019 status review report, requested that the juvenile court find the minors are not Indian children and ICWA does not apply.  Yet, in that same report, it was noted that the maternal grandmother, J.K., had met with the social worker about possible placement of the minors.

On October 1, 2019, the juvenile court found the minors were not Indian children within the meaning of ICWA and that ICWA does not apply.  Thereafter, and throughout the remainder of the proceedings, the Department reiterated the juvenile court's finding in each of its reports, but made no additional inquiry or attempts to identify and locate the maternal relatives identified by mother, nor did the social worker inquire of the maternal grandmother when the two communicated regarding potential placement of the minors.

The agency's duty of ICWA inquiry extends to the minor's extended family, if known.  (§ 224.2, subd. (b); Cal. Rules of Court, rule 5.481(a)(4).)  Here, information regarding the minors' extended family on their mother's side was known.  However, we see nothing in the record that demonstrates there was any effort to contact or obtain information from the maternal grandmother, the maternal grandfather, the maternal great-grandfather, or any of mother's relatives.  Based on the dearth of information provided, it appears the Department failed to obtain, at a minimum, the full names and birth dates or any identifying information for the maternal relatives or to include that information in updated notices to the BIA and the three Cherokee tribes.  The Department cannot fulfill its continuing duty of inquiry and notice by omitting known information, "[n]or can the juvenile court assume that because some information was obtained and relayed to the relevant tribes, the social services agency necessarily complied fully with its obligations."

6

(*In re K.R.* (2018) 20 Cal.App.5th 701, 709, italics omitted.)  The notices sent by the Department were insufficient for purposes of ICWA.

"[E]rrors in an ICWA notice are subject to review under a harmless error analysis." (*In re Brandon T.* (2008) 164 Cal.App.4th 1400, 1415.)  Error is not presumed.  It is father's obligation to present a record that affirmatively demonstrates error. (*In re D.W.* (2011) 193 Cal.App.4th 413, 417-418.)  Father has done so here.  If we conclude the juvenile court did not comply with ICWA provisions, we "reverse only if the error is prejudicial." (*In re A.L.* (2015) 243 Cal.App.4th 628, 639.)  Given the state of the record, we cannot say with certainty that the notices were legally sufficient or that there was no prejudice to the relevant tribes.

The Department either did not take sufficient affirmative steps to investigate the minors' possible Indian ancestry on the maternal side of the family or did not document its efforts to do so.  In the absence of evidence of the Department's efforts to fulfill its continuing duty of inquiry, we cannot say the failure of ICWA compliance was harmless.  A failure to conduct a proper ICWA inquiry requires reversal of the orders terminating parental rights and a limited remand for proper inquiry and any required notice. (*In re A.B.* (2008) 164 Cal.App.4th 832, 839; *In re D.T.* (2003) 113 Cal.App.4th 1449, 1454-1456.)  We must therefore remand for limited proceedings to determine ICWA compliance.

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed.  The matter is remanded to the juvenile court for limited proceedings to determine ICWA compliance.  If, at the conclusion of those proceedings, no tribe indicates the minors are Indian children within the meaning of ICWA, then the juvenile court shall make the appropriate ICWA finding and reinstate the order terminating parental rights.  If the juvenile court finds, after proper inquiry and notice, that ICWA applies, the juvenile court

shall hold such further proceedings as are appropriate.  In all other respects, the judgment is affirmed.

/S/

MAURO, J.

We concur:


/S/

RAYE, P. J.


/S/

MURRAY, J.