Filed 9/21/21  In re F.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| In re F.B., a Person Coming Under the Juvenile Court Law. | C092982 |
| YUBA COUNTY HEALTH AND HUMAN SERVICES DEPARTMENT, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M.B. et al., <br><br> Defendants and Appellants. | (Super. Ct. No. JVSQ2000053) |

Appellants M.B. (mother) and R.S. (father), parents of the minor, appeal from the juvenile court's disposition order.  (Welf. & Inst. Code, §§ 300, 395.)[1]  The parents contend the court erred in finding the Indian Child Welfare Act of 1978 (25 U.S.C.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

§ 1901 et seq. (ICWA)) did not apply.  Respondent Yuba County Health and Human Services Department (Department) concedes the issue.  Finding the ICWA issue is premature, we will affirm the juvenile court's orders.

## BACKGROUND[2]

On June 29, 2020, the Department filed a dependency petition on behalf of the minor pursuant to section 300, subdivision (b), alleging a failure to protect by the parents' inability to provide care due to their mental illness or substance abuse.  The petition alleged the parents were involved in a pending dependency case related to the minor's half-sibling's and five siblings' (collectively, siblings) removal resulting from mother's use of a dog shock collar on the siblings as a form of discipline for potty training because mother was tired of buying diapers, unsanitary conditions in the home, and the parents' use of one of the sibling's urine for a drug test because father was afraid he would test positive for marijuana.  The petition also alleged that mother gave birth to the minor, her seventh child, several weeks prior and failed to notify the Department of the birth until June 25, 2020.

The dependency petition included an Indian child inquiry attachment in which the social worker declared that mother gave the social worker reason to believe the minor was or might be an Indian child.  The court ordered the minor detained.

The detention report and the jurisdiction report both stated ICWA "does not apply," but noted that, in the siblings' case, mother stated she had Cherokee and Nansemond Indian ancestry.  Father denied any Indian heritage.

On August 18, 2020, the court sustained the allegations in the petition, exercised dependency jurisdiction over the minor, and ordered continued out-of-home placement.

---

**2** Because the parents' sole claim challenges compliance with ICWA, we limit the background summary to ICWA-related facts and procedure unless otherwise relevant to the issue on appeal.

2

The court found the minor may be an Indian child and ordered the Department to notice the appropriate tribes and the Bureau of Indian Affairs. The court scheduled the disposition hearing to allow sufficient time for ICWA noticing.

The September 2020 disposition report again stated ICWA "does not apply," but again noted mother previously stated in the siblings' case that she had Cherokee and Nansemond Indian ancestry and, more recently, signed a parental notification of Indian ancestry form stating she may have Indian ancestry but did not identify a specific tribe.

At the October 8, 2020 contested disposition hearing, the court declared the minor a dependent of the juvenile court after finding there was a substantial danger to the minor's health and safety if she were returned to the parents' custody. The court found the parents each made minimal progress toward mitigating or alleviating the issues necessitating the minor's removal and ordered supervised visitation for and reunification services to the parents. The court made no ICWA findings or orders.

The parents filed timely notices of appeal.

## DISCUSSION

Mother contends, and father joins in her contention, that the dispositional order must be reversed due to noncompliance with the inquiry and notice requirements of ICWA despite a reason to believe the minor was an Indian child. The Department concedes the issue and agrees the matter must be remanded. As we shall explain, the ICWA issue is premature and we will therefore affirm the dispositional order.

"The juvenile court and social services agencies have an affirmative duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child. [Citation.]" (*In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) When the juvenile court knows or has reason to know that a child involved in a dependency proceeding is an Indian child, ICWA requires that notice of the proceedings be given to any federally recognized Indian tribe of which the child might be a member or eligible for membership. (25 U.S.C. §§ 1903(8), 1912(a); *In re Robert A.* (2007)

3

147 Cal.App.4th 982, 989.) "At that point, the social worker is required, as soon as practicable, to interview the child's parents, extended family members, the Indian custodian, if any, and any other person who can reasonably be expected to have information concerning the child's membership status or eligibility." (*In re Michael V.* (2016) 3 Cal.App.5th 225, 233; see Cal. Rules of Court, rule 5.481(a)(4)(A).)

ICWA notice must include all of the following information, if known: the child's name, birthplace, and birth date; the name of the tribe in which the child is enrolled or may be eligible for membership; names and addresses (including former addresses) of the child's parents, grandparents, and great-grandparents, and other identifying information; and a copy of the dependency petition. (§ 224.3, subd. (a)(5)(A)-(H); *In re D.W.* (2011) 193 Cal.App.4th 413, 417; *In re Mary G.* (2007) 151 Cal.App.4th 184, 209.)

An ICWA notice "enables a tribe to determine whether the child is an Indian child and, if so, whether to intervene in or exercise jurisdiction over the proceeding. No foster care placement or termination of parental rights proceeding may be held until at least 10 days after the tribe receives the required notice." (*In re Isaiah W.* (2016) 1 Cal.5th 1, 5; 25 U.S.C. § 1912(a).) "The juvenile court must determine whether proper notice was given under ICWA and whether ICWA applies to the proceedings." (*In re E.W.* (2009) 170 Cal.App.4th 396, 403.)

Here, mother indicated she may have Indian ancestry but did not specify any particular tribe(s). In the siblings' case, mother indicated she may have Indian ancestry through the Cherokee and Nansemond tribes. The record, however, is devoid of any ICWA-related documentation other than the Indian child inquiry attachment filed with the dependency petition. There is no indication in any of the Department's reports that the Department undertook any further ICWA inquiry of either of the parents or known relatives, if any. There is also no evidence in the record to demonstrate the Department made any attempt to contact the Bureau of Indian Affairs or the Cherokee or Nansemond

4

tribes pursuant to applicable ICWA notice and inquiry requirements and the juvenile court's order.

However, because the juvenile court made no final ICWA ruling at or before the challenged dispositional hearing as to whether ICWA applied to the proceedings, the parents' claim is premature. That is, ICWA issues are not ripe for review. " 'Ripeness' refers to the requirements of a current controversy." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) An issue is not ripe for review unless and until it is "sufficiently concrete to allow judicial resolution even in the absence of a precise factual context." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170; see *id*. at pp. 170-172.) Because the minor's dependency case is still ongoing, any perceived deficiencies with ICWA inquiry and noticing may still be resolved during the normal course of the ongoing dependency proceedings. Therefore, we decline the parents' invitation to assess the adequacy of the ICWA inquiry and noticing process that is, based on our assessment of the record, still ongoing as well. (*In re M.R.* (2017) 7 Cal.App.5th 886, 904 [ICWA claim was premature where no final ICWA ruling made at dispositional hearing].)

However, because it appears on this record that, at a minimum, further inquiry is required of mother and any known relatives, we encourage the juvenile court and the Department to ensure full compliance with all applicable ICWA statutes as early in the remainder of the proceedings as possible.

**DISPOSITION**

The juvenile court's order is affirmed.

/s/
RAYE, P. J.

We concur:

/s/
MURRAY, J.

/s/
HOCH, J.