Filed 5/9/23 In re K.F. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re K.F., a Person Coming Under the Juvenile Court Law. | C096968 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M.F., <br><br> Defendant and Appellant. | (Super. Ct. No. JD240587) |

Appellant M.F. (father), father of the minor, appeals from the juvenile court's order terminating parental rights and freeing the minor for adoption. (Welf. & Inst. Code, §§ 366.26, 395.)[1] Father contends the juvenile court and the Sacramento County

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Department of Child, Family and Adult Services (Department) failed to comply with the requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.) The Department concedes the error. We will conditionally reverse and remand for limited ICWA proceedings.

BACKGROUND

A detailed recitation of the facts and non-ICWA related procedural history is unnecessary to our resolution of this appeal.

The Department filed a dependency petition on behalf of the minor pursuant to section 300, subdivisions (a) and (b)(1). At the time, the minor lived with the paternal grandmother, who informed the social worker that the minor may be a member of or eligible for membership in the Cherokee Tribe.

The Department reported mother denied any Indian heritage. Father's counsel filed a Parental Notification of Indian Status form (ICWA-020) on father's behalf but did not check any of the boxes or otherwise indicate whether father might have Indian heritage. The paternal grandmother stated the paternal great-grandmother was "1/16" Cherokee but "there is not enough blood for [father] to be registered with a tribe." The paternal grandmother also stated the family had never lived on a reservation or received any services from the Tribe. When asked whether she could identify a specific Cherokee tribe, she stated she did not have any additional information.

On May 19, 2020, the social worker contacted the Office of Tribal Affairs by telephone and e-mail and requested information on the minor's Indian heritage; however, the office was unable to provide any information. The social worker also left a message with the Bureau of Indian Affairs (BIA). As of June 10, 2020, no additional information had been received by the social worker.

At the detention hearing on June 12, 2020, the court made several findings. First, the court found there was insufficient evidence to determine if the minor was an Indian child within the meaning of the ICWA, but added, "However, information having been

2

received that this child may have Indian heritage[,] the Department [] shall notice any federally recognized tribes and the [BIA]." Next, the court found there was a reason to believe the minor may be an Indian child and ordered the Department to conduct further inquiry as required by section 224.2, subdivision (e). Finally, the court found that, as to father, there was no evidence that the minor may be an Indian child within the meaning of the ICWA.

At the jurisdiction/disposition hearing on August 21, 2020, the parties agreed that the paternal grandmother could be the minor's guardian. The court sustained the allegations in the petition, exercised jurisdiction over the minor, adjudged the minor a dependent child, and then terminated dependent status and issued letters of guardianship.

On July 22, 2021, the paternal grandmother filed a section 388 petition requesting the court modify the permanent plan of legal guardianship to a permanent plan of adoption. The Department filed a report in support of paternal grandmother's request. The report included a statement that the ICWA "does not apply."

On October 13, 2021, the court granted paternal grandmother's petition and set the matter for a disposition hearing.

On October 26, 2021, the social worker interviewed father, at which time father denied any Indian ancestry.

Both parents and the paternal grandmother were present for the disposition hearing on November 10, 2021. The court adjudged the minor a dependent child, terminated paternal grandmother's guardianship, and set the matter for a review hearing, a relative placement hearing, and a de facto status hearing. The ICWA was not discussed.

On December 15, 2021, the court granted paternal grandmother's request for de facto parent status. At the relative placement hearing the following month, the court ordered the minor placed with the paternal grandmother. The ICWA was not discussed at either hearing.

3

The permanency review report filed April 18, 2022, stated the ICWA "does not apply." The Department recommended the court terminate the parents' reunification services and set the matter for a section 366.26 hearing to move towards a permanent plan of adoption by the paternal grandmother.

Counsel for each parent, the paternal grandmother, and her counsel were present for the permanency review hearing on May 18, 2022. Over the parents' objections, the court adopted the Department's recommended findings and orders, terminated the parents' services, and set the matter for a section 366.26 hearing with a permanent plan of adoption. Again, the ICWA was not discussed.

On June 28, 2022, the Department filed a status report stating the Department was "unaware of any information before the Court that would indicate [the minor] is an Indian Child" as defined by the ICWA. The September 2022 selection and implementation report stated the ICWA "does not apply."

The ICWA was not discussed at the September 14, 2022 selection and implementation hearing. The court adopted the recommended findings and orders and terminated parental rights, confirming adoption as the appropriate permanent plan.

DISCUSSION

The Department concedes it failed its initial and continuing duty to inquire of the paternal relatives and to provide formal notice as required by the ICWA. We agree and accept the Department's concession.

The ICWA's purpose is to protect the interests of Indian children and promote the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7-8.) The juvenile court and the Department have "an affirmative and continuing duty to inquire" whether a child is,

4

or may be, an Indian child. (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a);[2] see *In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) If, after the petition is filed, the juvenile court knows or has reason to know that an Indian child is involved (25 U.S.C. § 1912(a)), notice of the pending proceeding and the right to intervene must be sent to the tribe or the BIA if the tribal affiliation is not known. (See § 224.2, subds. (d) & (f); § 224.3; rule 5.481(b), (c); *In re Robert A.* (2007) 147 Cal.App.4th 982, 989.) "At that point, the social worker is required, as soon as practicable, to interview the child's parents, extended family members, the Indian custodian, if any, and any other person who can reasonably be expected to have information concerning the child's membership status or eligibility. [Citations.]" (*In re Michael V.* (2016) 3 Cal.App.5th 225, 233; see rule 5.481(a)(4)(A); § 224.2, subd. (b).)

ICWA notices must include all the following information, if known: the child's name, birthplace, and birth date; the name of the tribe in which the child is enrolled or may be eligible for enrollment; names and addresses of the child's parents, grandparents, great-grandparents, and other identifying information; and a copy of the dependency petition. (§ 224.3, subd. (a)(5)(A)-(D); *In re Mary G.* (2007) 151 Cal.App.4th 184, 209.)

No one disputes that the Department failed to seek information regarding the paternal grandmother's report that the paternal great-grandmother had Cherokee Indian heritage. The Department's duty of ICWA inquiry extends to the minor's extended family, if known. (§ 224.2, subd. (b); rule 5.481(a)(4).) Here, information regarding the minors' extended family was known based on the paternal grandmother's statement that the paternal great-grandmother was one-sixteenth Cherokee Indian. Notwithstanding paternal grandmother's additional statements that "there is not enough blood for [father] to be registered with a tribe," and that the paternal family never lived on a reservation or

---

[2]     Undesignated rules references are to the California Rules of Court.

received any services from the Tribe, and despite that the paternal grandmother could not identify a particular Cherokee Tribe, the record is silent as to whether the Department took any steps to ascertain whether the paternal great-grandmother was still living and, if so, to contact her, or to determine other relatives on the paternal side who might have knowledge regarding Indian ancestry. The Department failed in its duty of inquiry.

Deficiencies in ICWA inquiry and notice are reviewed for harmless error. Those deficiencies "may be deemed harmless error when, even if proper notice had been given, the child would not have been found to be an Indian child." (*In re D.N.* (2013) 218 Cal.App.4th 1246, 1251.) However, error is not presumed. It is father's obligation to present a record that affirmatively demonstrates error. (*In re D.W.* (2011) 193 Cal.App.4th 413, 417-418.) Father has done so here. If we conclude the juvenile court did not comply with the ICWA provisions, we "reverse only if the error is prejudicial." (*In re A.L.* (2015) 243 Cal.App.4th 628, 639.) In light of the Department's concession, and given the state of the record, we cannot say with certainty that there was no prejudice to any relevant tribes.

The Department either did not take sufficient affirmative steps to investigate the minor's possible Indian ancestry or did not document its efforts to do so, and the juvenile court failed to ensure that an adequate investigation had been conducted. In the absence of evidence of the Department's efforts to fulfill its continuing duty of inquiry, we cannot say the failure of ICWA compliance was harmless. A failure to conduct a proper ICWA inquiry requires reversal of the orders terminating parental rights and a limited remand for proper inquiry and any required notice. (*In re A.B.* (2008) 164 Cal.App.4th 832, 839; *In re D.T.* (2003) 113 Cal.App.4th 1449, 1454-1456.) We must therefore remand for limited proceedings.

## DISPOSITION

The juvenile court's judgment is conditionally reversed and remanded for the limited purpose of compliance with the ICWA, including the trial court's entry of

6

findings related to the ICWA at the conclusion of the inquiry.  If, after proper and complete inquiry the minor is found not to be an Indian child within the meaning of the ICWA, the judgment shall be reinstated.  However, if a tribe determines the minor is an Indian child as defined by the ICWA and the court determines the ICWA applies, the court is ordered to conduct a new selection and implementation hearing and proceed in accordance with the ICWA.

      KRAUSE      , J.

We concur:

      ROBIE      , Acting P. J.

      EARL      , J.