Filed 5/17/23  In re T.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| In re T.L., a Person Coming Under the Juvenile Court Law. | C097010 |
| AMADOR COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>   Plaintiff and Respondent,<br><br> v.<br><br>M.L.,<br><br>   Defendant and Appellant. | (Super. Ct. No. 21-DP-00827) |

Appellant M.L. (father), father of the minor, appeals from the juvenile court's order terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Father contends the juvenile court and the Amador County Department of Social Services (Department) failed to comply with the requirements of the Indian

---

[1]  Further undesignated statutory references are to the Welfare and Institutions Code.

1

Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). The Department concedes error in its initial inquiry. We will conditionally affirm and remand for limited ICWA proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the facts and non-ICWA related procedural history is unnecessary to our resolution of this appeal.

Father is the biological father of the minor. On August 17, 2021, the Department filed a dependency petition on behalf of the minor pursuant to section 300, subdivision (g), alleging the minor was left without provision or support after mother was killed in a single car accident and father was incarcerated in state prison.

The detention report stated the ICWA may or does apply based on the following information: The social worker spoke with maternal uncle K.F., who advised that the family had Miwok and Washoe ancestry and, although they "did not have a tribal contact," the family was "active in the Native culture." The social worker contacted paternal great-grandmother C.F., who also stated the family had Miwok and Washoe heritage. The paternal great-grandmother stated that the family was still grieving the loss of their granddaughter and would find additional information and contact the social worker. The Department had not been able to inquire of father regarding possible Indian heritage.

The detention report noted the family's previous dependency action in Amador County involving two of mother's siblings. In that 2004 case, it was reported that the maternal grandfather, C.F., Sr., was a descendent of a Miwok Indian and a Washoe Indian. At that time, a representative of the Washoe Tribe of Nevada and California informed the social worker that C.F., Sr., was registered as 7/16ths Washoe but had removed himself from the rolls of that tribe and registered with another tribe. The Washoe tribe stated C.F., Sr.'s, children would therefore not be eligible for services through the Washoe tribe. Notwithstanding that information, the agency in that

2

dependency noticed all Washoe and Miwok tribes and concluded mother's siblings were not eligible for enrollment.

At the detention hearing in the current matter, the juvenile court noted "some limited ICWA inquiries have been made, and there was previous tribal affiliation" and ordered the Department to investigate further.

Father was not present at the September 9, 2021, jurisdiction hearing, but paternal grandmother T.L. and the maternal great-aunt M.F. were present. The juvenile court found true the allegations in the petition and made the following ICWA finding: "It looks like ICWA does not apply. It looks like there was some maybe tribe -- prior tribal affiliations, but then those were severed. So they are not eligible for -- or she is not eligible for registration at this time. I think we inquired of [father], too, last time when we were here. He said no for him. But I will find that it doesn't apply unless we get new information."

The disposition report reiterated the juvenile court's previous finding of ICWA inapplicability at the jurisdiction hearing and noted any additional evidence would be provided to the court.

Father was present in person at the disposition hearing on November 18, 2021, having recently been released from prison. The Department informed the juvenile court that paternity testing had yet to be completed and, as such, father was still considered an alleged father. The court continued the disposition hearing.

On January 13, 2022, the juvenile court found father to be the biological father of the minor.

Father, maternal aunt S.F., and maternal great-aunt M.F. were present for the continued disposition hearing on March 24, 2022. The juvenile court adjudged the minor a dependent of the court, found there was "no reason to know that the child may be an Indian child," and also found that, unless new information was received, the "ICWA does not apply." The court made visitation orders, including supervised visitation between the

3

minor and the maternal grandmother and grandfather and the maternal great-grandmother, and set the matter for a section 366.26 hearing.

The section 366.26 report reiterated the juvenile court's prior finding that the ICWA does not apply. The report and the attached adoption assessment identified and discussed various extended relatives, including maternal and paternal grandmothers, the maternal great-aunt and great-uncle, two maternal uncles, and the maternal great-grandparents.

Father and paternal grandmother T.L. were present at the contested section 366.26 hearing on August 25, 2022. Father testified; however, he was not asked about Indian ancestry or anything having to do with the ICWA. The juvenile court terminated parental rights and ordered adoption as the permanent plan. The court noted the minor would remain placed with the maternal great-aunt and great-uncle. The ICWA was not mentioned by the court or any party during the hearing.

## DISCUSSION

Father contends the Department failed its initial and continuing duty to inquire of him and available extended family members, including the paternal aunt and uncle, the paternal grandmother, the maternal uncle, the maternal grandparents, the maternal great-aunt and great-uncle, and the maternal great-grandmother, about Indian ancestry. He further contends the juvenile court failed to comply with its own statutory duty of inquiry and failed to ensure that the Department complied with its duties.

The Department concedes it failed its duty of initial inquiry as to father and known extended relatives and asserts the proper remedy is to conditionally affirm the case and remand to ensure there is no information that would undermine the juvenile court's finding that the ICWA does not apply. We accept the Department's concession and agree the case must be remanded for further ICWA proceedings.

The ICWA's purpose is to protect the interests of Indian children and promote the stability and security of Indian tribes by establishing minimum standards for, and

4

permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7-8.) The juvenile court and the Department have "an affirmative and continuing duty to inquire" whether a child is, or may be, an Indian child. (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a); see *In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) If, after the petition is filed, the juvenile court knows or has reason to know that an Indian child is involved (25 U.S.C. § 1912(a)), notice of the pending proceeding and the right to intervene must be sent to the tribe or the Bureau of Indian Affairs if the tribal affiliation is not known. (See §§ 224.2, subds. (d) & (f), 224.3; Cal. Rules of Court, rule 5.481(b); *In re Robert A.* (2007) 147 Cal.App.4th 982, 989.) "At that point, the social worker is required, as soon as practicable, to interview the child's parents, extended family members, the Indian custodian, if any, and any other person who can reasonably be expected to have information concerning the child's membership status or eligibility." (*In re Michael V.* (2016) 3 Cal.App.5th 225, 233; see Cal. Rules of Court, rule 5.481(a)(4)(A); § 224.2, subd. (b).)

ICWA notices must include all the following information, if known: the child's name, birthplace, and birth date; the name of the tribe in which the child is enrolled or may be eligible for enrollment; names and addresses of the child's parents, grandparents, great-grandparents, and other identifying information; and a copy of the dependency petition. (§ 224.3, subd. (a)(5)(A)-(D); *In re Mary G.* (2007) 151 Cal.App.4th 184, 209.)

No one disputes that father was not asked about potential Indian ancestry despite his appearance in juvenile court on more than one occasion both before and after being found to be the minor's biological father. On this record, it appears that inquiry was not made of several known relatives, some of whom were present during court hearings and/or participated in visitation with the minor. For example, paternal grandmother T.L. was present on September 9, 2021, when the court found the ICWA does not apply, but no inquiry was made of her at the time or at any other time. Paternal great-grandmother

C.F. gave initial information that the family had Miwok and Washoe heritage but, because the family was still grieving the loss of their granddaughter, she stated she would find additional information and contact the social worker. The record does not show that paternal great-grandmother contacted the social worker thereafter or that the social worker made any attempt to contact paternal great-grandmother to make further inquiry.

Despite its concession of error, the Department asserts that, when the juvenile court stated its belief that the minor "is not eligible for registration at this time" and "[t]here's no reason to know that the [minor] may be an Indian child," neither father nor any of the relatives present objected or in any way disabused the court of that belief. While it would certainly be helpful to the ICWA investigation and inquiry process if relatives present in court proceedings spontaneously offered whatever information they had regarding the family's Indian heritage or lack thereof, it is the juvenile court and social services agencies who have "an affirmative and continuing duty to inquire" whether a child is, or may be, an Indian child. (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a); see *In re K.M., supra*, 172 Cal.App.4th at pp. 118-119.)

Further, while the Department "is not required to 'cast about' for information or pursue unproductive investigative leads" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1053), it is required to include in its reports a discussion of what efforts it undertook to locate and interview family members who might have pertinent information and, "[i]n the absence of an appellate record affirmatively showing the court's and the agency's efforts to comply with ICWA's inquiry and notice requirements, we will not, as a general rule, conclude that substantial evidence supports the court's finding that proper and adequate ICWA notices were given or that ICWA did not apply." (*In re N.G.* (2018) 27 Cal.App.5th 474, 484; accord, *In re K.R.* (2018) 20 Cal.App.5th 701, 709.) Here, the record makes no such affirmative showing with regard to father or any paternal relatives.

Deficiencies in ICWA inquiry and notice are reviewed for harmless error. Those deficiencies "may be deemed harmless error when, even if proper notice had been given,

6

the child would not have been found to be an Indian child." (*In re D.N.* (2013) 218 Cal.App.4th 1246, 1251.) However, error is not presumed. It is father's obligation to present a record that affirmatively demonstrates error. (*In re D.W.* (2011) 193 Cal.App.4th 413, 417-418.) Father has done so here. If we conclude the juvenile court did not comply with the ICWA provisions, we "reverse only if the error is prejudicial." (*In re A.L.* (2015) 243 Cal.App.4th 628, 639.) In light of the Department's concession, and given the state of the record, we cannot say with certainty that there was no prejudice to any relevant tribes.

The Department either did not take sufficient affirmative steps to investigate the minor's possible Indian ancestry or did not document its efforts to do so, and the juvenile court failed to ensure that an adequate investigation had been conducted. In the absence of evidence of the Department's efforts to fulfill its continuing duty of inquiry, we cannot say the failure of ICWA compliance was harmless. We agree with the parties that the Department was required to make additional efforts to inquire about possible Native American ancestry from the parents' known relatives and that remand is necessary for the Department to inquire further. (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.) Accordingly, we will conditionally affirm the juvenile court's order terminating parental rights, and remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new orders regarding the applicability of the ICWA.

Father raises concern that a conditional affirmance, as opposed to conditional reversal, may result in the denial of due process and reappointment of counsel on remand because his parental rights will not have been reinstated during the further ICWA compliance proceedings. Although father will not have the right to appear generally as a party to proceedings, file petitions requesting services or placement, or otherwise participate in hearings regarding the minor's placement, permanent plan, or well-being,

he is entitled to notice and appointment of counsel for the further ICWA proceedings. (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435.)  Further, he is entitled to participate fully in the ICWA compliance proceedings, as well as to appeal from the juvenile court's ICWA findings and orders on remand, should the Department and court fail to comply, over father's objection, with the ICWA.  (*Ibid.*; *In re X.V.* (2005) 132 Cal.App.4th 794, 804-805.)  We assume the juvenile court will follow established law and afford father the requisite due process and direct it to do so.

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally affirmed and the matter is remanded to the juvenile court for limited proceedings to determine compliance with the ICWA consistent with this opinion.  If, at the conclusion of those proceedings, no tribe indicates the minor is an Indian child within the meaning of the ICWA, then the juvenile court shall make the appropriate ICWA finding and reinstate the order terminating parental rights.  If the juvenile court finds, after proper inquiry and notice, that the ICWA applies, the juvenile court shall hold such further proceedings as are appropriate, including a new section 366.26 hearing.


_____/s/_____
EARL, J.

We concur:


_____/s/_____
HULL, Acting P. J.


_____/s/_____
DUARTE, J.

8